UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,                                              Case No. _____

    Plaintiff,                                      Hon. _____

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN

ROSARIO CEBALLO, in her official
capacity as Dean of the College of
Literature, Science, and the Arts

SEAN EDGERTON, in his official and
individual capacities

JEANNE BAYERS, in her official and
individual capacities

CHRISTINE O'NEIL, in her official
and individual capacities

    Defendants.

## COMPLAINT

Plaintiff Jane Doe, by and through counsel, brings this civil action for emergency injunctive and declaratory relief and damages arising from the University of Michigan's imposition of a Winter 2026 semester suspension and a stigmatizing

disciplinary transcript notation for alleged academic misconduct based on an assertedly "fake" telehealth medical note. Plaintiff promptly requested review and provided verification information supporting authenticity, but the University denied further review. Because the University's add/drop deadline is January 27, 2026, Plaintiff seeks immediate relief to preserve the status quo and prevent irreparable harm to Plaintiff's education and professional future.

## NATURE OF THE ACTION

1. This case challenges a disciplinary decision and process used by a public university that deprived Plaintiff of protected interests in continued enrollment and good standing, and imposed a false and stigmatizing dishonesty-related entry on Plaintiff's academic record.

2. Plaintiff seeks temporary, preliminary, and permanent injunctive relief to (a) reinstate Plaintiff for Winter 2026, (b) suspend or remove the disciplinary transcript notation and any administrative holds, and (c) require a constitutionally adequate process before any comparable discipline is imposed.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202. Plaintiff also seeks prospective injunctive relief against appropriate University officials in their official capacities under *Ex parte Young*.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and the events and omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff Jane Doe is a student at the University of Michigan in Ann Arbor, Michigan. Plaintiff is a senior and is preparing to apply to graduate school. A dishonesty finding and transcript notation threaten Plaintiff's admissions prospects and professional future.

7. Defendant The Regents of the University of Michigan is the governing body of the University of Michigan and is sued for prospective injunctive and declaratory relief.

8. Defendant Rosario Ceballo is the Dean of the College of Literature, Science, and the Arts ("LSA") and is sued in her official capacity for prospective injunctive and declaratory relief.

9. Defendant Sean Edgerton is associated with LSA's academic integrity process and is sued in his official capacity for prospective relief and in his individual capacity for damages.

10. Defendant Jeanne Bayers is associated with the LSA Office of Student Academic Affairs and is sued in her official and individual capacities.

11. Defendant Christine O'Neil is associated with the LSA Office of Student Academic Affairs and/or the academic integrity process and is sued in her official and individual capacities.

## FACTUAL ALLEGATIONS

12. Plaintiff sought treatment for insomnia via telehealth through MedVidi and received medical documentation from the treating provider relating to an accommodation for her coursework.

13. Plaintiff submitted a medical note for an academic purpose. Sometime later, the University questioned the note's authenticity and initiated an academic integrity investigation.

14. On November 18, 2025, the LSA Office of Student Academic Affairs notified Plaintiff that it was reviewing possible academic misconduct and scheduled an Academic Integrity Meeting for November 24, 2025.

15. Plaintiff participated in the November 24, 2025 meeting and explained the circumstances of the telehealth visit and the documentation.

16. Plaintiff pursued third-party verification from MedVidi and the provider. On November 25, 2025, Defendant Edgerton acknowledged that MedVidi

contacted the office and stated the office would review the information and would reach out if additional information was needed.

17. On December 12, 2025, Defendant Edgerton issued a written Resolution finding Plaintiff responsible and imposing severe sanctions, including a semester suspension for Winter 2026 and a disciplinary transcript notation.

18. The Resolution concluded that Plaintiff submitted an inauthentic ("fake") medical note and treated the submission as academic dishonesty, resulting in a disciplinary record notation.

19. Plaintiff promptly requested appeal/review and submitted additional verification information supporting authenticity of the telehealth visit and documentation and disputing the factual basis for a dishonesty finding.

20. The MedVidi physician has acknowledged the veracity of the note he provided to Plaintiff, and Plaintiff informed Defendants of the same.

21. On January 5, 2026, the University denied Plaintiff's appeal request, stated there were insufficient grounds to proceed with the appeal process, and stated there is no further appeal beyond that decision.

22. The University's add/drop deadline is January 27, 2026. If the suspension and transcript notation remain in effect through that date, Plaintiff will lose meaningful access to the Winter 2026 term and suffer academic disruption

5

and professional harm that cannot be fully repaired later, as she is seeking to enter dental school.

23. Further, the suspension and dishonesty-related notation impose immediate stigma and threaten Plaintiff's graduate school applications and professional opportunities in the future.

24. Plaintiff requests relief as set forth herein.

## CLAIMS FOR RELIEF

## COUNT I – 42 U.S.C. § 1983 (PROCEDURAL DUE PROCESS)

25. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

26. Defendants acted under color of state law at all relevant times.

27. Plaintiff has protected interests in continued enrollment and good standing at a public university, and in avoiding a false and stigmatizing disciplinary record that carries severe educational and professional consequences.

28. Defendants deprived Plaintiff of those protected interests by imposing and maintaining sanctions including a Winter 2026 semester suspension and an academic misconduct/dishonesty-related record notation and/or comparable official record consequences.

29. The core factual premise for the sanctions – Defendants' assertion that Plaintiff's telehealth medical documentation was not authentic and that

Plaintiff acted dishonestly – was disputed and capable of verification through readily available information.

30. Due process required, at minimum, timely and meaningful notice of the allegations and evidence, a fair opportunity to respond, and a meaningful review process commensurate with the severity of the sanctions and the imminent academic deadlines at issue.

31. Defendants failed to provide constitutionally adequate process. Among other things, Defendants (a) imposed and maintained severe sanctions and stigmatizing record consequences without a fair and meaningful opportunity for Plaintiff to present verification and exculpatory information, (b) denied Plaintiff meaningful review and/or a fair opportunity to correct erroneous factual assumptions despite Plaintiff's prompt efforts to verify authenticity, and (c) enforced the sanction in a manner that effectively foreclosed Plaintiff's ability to preserve her education for the Winter 2026 term given the January 27, 2026 add/drop deadline.

32. Defendants' actions were arbitrary, fundamentally unfair, and violated the Due Process Clause of the Fourteenth Amendment.

33. Plaintiff has suffered and will continue to suffer irreparable harm absent immediate injunctive relief, and she is entitled to declaratory relief and appropriate damages against Defendants sued in their individual capacities

(Edgerton, Bayers and O'Neil) and to prospective relief against Defendants sued in their official capacities.

## COUNT II – DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. §§ 2201–2202; *EX PARTE YOUNG*)

34. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

35. An actual, present, and justiciable controversy exists between Plaintiff and Defendants regarding the constitutionality and continued enforcement of the challenged sanctions and record consequences.

36. Plaintiff seeks a declaration that Defendants' disciplinary process and actions, as applied to Plaintiff, violated the Fourteenth Amendment's Due Process Clause (and any other constitutional or statutory rights pleaded), and that continued enforcement of the sanctions and dishonesty-related record consequences without constitutionally adequate process is unlawful.

37. Plaintiff further seeks temporary, preliminary, and permanent injunctive relief against the appropriate official-capacity Defendants to preserve the status quo and prevent irreparable harm, including: (a) immediate reinstatement to permit enrollment and attendance for Winter 2026, (b) immediate suspension/removal of any academic misconduct/dishonesty notation and any registration or administrative holds that impede enrollment or access to

academic resources during the pendency of this action, and (c) an order requiring a constitutionally adequate process before any suspension or dishonesty-based notation remains on Plaintiff's record.

38. Plaintiff is entitled to such equitable relief as the Court deems just and proper.

## COUNT III – 42 U.S.C. § 1983 (LIBERTY INTEREST / "STIGMA-PLUS" DUE PROCESS; NAME-CLEARING HEARING)

39. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40. Defendants, acting under color of state law, made and/or adopted a finding that Plaintiff engaged in serious academic dishonesty (including a purported falsification/forgery-type allegation regarding medical documentation) and imposed sanctions that include (at minimum) a semester suspension and an academic integrity notation and/or record that is inherently stigmatizing.

41. The dishonesty finding and related notation are the type of stigma that foreseeably will be communicated to third parties, including through transcript/disciplinary record disclosures to graduate and professional programs and other entities that require disclosure of academic misconduct.

42. In addition to stigma, Defendants imposed tangible burdens and a change in Plaintiff's legal status, including suspension/exclusion from enrollment and

participation in the Winter term, loss of educational access, and ongoing collateral consequences tied to the misconduct record.

43. Defendants deprived Plaintiff of this protected liberty interest without constitutionally adequate process. Among other things, Defendants failed to provide Plaintiff a prompt and meaningful opportunity to clear her name before imposing and maintaining the dishonesty finding/notation and suspension, despite Plaintiff's efforts to obtain verification and provide exculpatory information.

44. Plaintiff is entitled to prospective declaratory and injunctive relief requiring, at minimum, (a) immediate restoration of the status quo pending a fair process, (b) removal or non-enforcement of any dishonesty-based notation pending final adjudication, and (c) a prompt name-clearing hearing that satisfies due process before any such finding/notation remains on Plaintiff's record.

45. Plaintiff also seeks nominal and compensatory damages against Defendants sued in their individual capacities (Edgerton, Bayers and O'Neil), as well as reasonable attorney's fees and costs under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

1. Enter declaratory judgment that Defendants violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

2. Issue temporary, preliminary, and permanent injunctive relief, including: (a) immediate reinstatement for Winter 2026; (b) immediate suspension or removal of the disciplinary transcript notation and any registration holds that impede enrollment or attendance during the pendency of this case; and (c) requiring a constitutionally adequate process before Defendants may reimpose any suspension or dishonesty notation.

3. Award compensatory damages against the individual-capacity Defendants (Defendants Ceballo, Edgerton, Bayers, and O'Neil), in an amount to be proven at trial.

4. Award reasonable attorney's fees and costs under 42 U.S.C. § 1988.

5. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold St., Suite 709
Detroit, MI 48226
Phone: (844) 835-2993
Email: carla@aikenslawfirm.com
Attorney for Plaintiff