UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

THE REGENTS OF THE
UNIVERSITY OF MICHIGAN

ROSARIO CEBALLO, in her official capacity as Dean of the College of Literature, Science, and the Arts

SEAN EDGERTON, in his official and individual capacities

JEANNE BAYERS, in her official and individual capacities

CHRISTINE O'NEIL, in her official and individual capacities

    Defendants.

Case No. _____
Hon. _____

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR LIMITED SEALING OF PLAINTIFF'S IDENTITY

Plaintiff Jane Doe respectfully moves for an Order permitting her to proceed in this action under the pseudonym "Jane Doe," and for narrowly

1

tailored sealing of a limited set of filings that would reveal her identity. This case challenges discipline imposed by a public university that is based on, and would necessarily litigate, Plaintiff's private medical information and education records. Public disclosure of Plaintiff's identity would cause concrete and irreparable harm, including stigma associated with an "academic dishonesty" finding and enduring damage to Plaintiff's educational and professional prospects due to disclosure of protected health information, including her pending graduate and professional school applications. Defendants will receive Plaintiff's true identity for purposes of service and litigation; the requested relief is limited to protecting Plaintiff from public identification.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) provides that the title of a complaint must name all parties, but courts have discretion to allow a party to proceed under a pseudonym when the party's privacy interests substantially outweigh the presumption of open judicial proceedings. In the Sixth Circuit, courts consider, among other factors, whether: (1) the plaintiff is challenging governmental activity; (2) the plaintiff would be required to disclose information of the utmost intimacy; (3) the plaintiff would be compelled to admit an intention to engage in illegal conduct and risk criminal prosecution;

and (4) the plaintiff is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

To the extent sealing is requested, the request must be narrowly tailored and supported by a compelling interest. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016). In this district, motions to seal are governed by E.D. Mich. LR 5.3.

## II.    ARGUMENT

### A. The *Porter* Factors Favor Pseudonymous Litigation Here.

First, Plaintiff challenges governmental activity: the University of Michigan and its officials acting under color of state law. *Porter*, 370 F.3d at 560. Second, the case necessarily involves information of the utmost intimacy, including Plaintiff's private medical circumstances, treatment, and documentation, as well as education records protected by law and custom. Third, Plaintiff does not seek to conceal an intention to engage in illegal conduct, and this case does not present a risk of criminal prosecution. Fourth, while Plaintiff is not a child, the Sixth Circuit recognizes that the *Porter* factors are not exclusive and must be weighed in light of the circumstances. Here, the central harm is the forced public linkage of Plaintiff's identity to

3

sensitive medical information and an "academic dishonesty" finding that threatens her professional future.

### B. The Requested Protection Is Narrow and Will Not Prejudice Defendants.

Defendants will not be prejudiced because Plaintiff will disclose her true identity to Defendants for purposes of service and litigation. Plaintiff requests only that public filings refer to her as "Jane Doe," and that the Court permit a sealed "Notice of Plaintiff's True Name" and other narrowly defined documents that would reveal her identity or highly sensitive medical details to be filed under seal consistent with LR 5.3. This approach preserves public access to the merits while preventing irreparable harm from public identification.

### C. Public Interest Supports Pseudonymous Litigation In These Circumstances.

Allowing Plaintiff to proceed under a pseudonym promotes access to the courts where the alternative is forfeiting judicial review to avoid public disclosure of intensely private medical information and stigmatizing education-record consequences. The public can still evaluate the legal issues and the Court's reasoning without Plaintiff's identity being placed on the public docket.

### III.   REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter an Order:

1. Permitting Plaintiff to proceed under the pseudonym "Jane Doe" in all public filings;

2. Directing that any filing disclosing Plaintiff's true name be filed under seal (including a Notice of Plaintiff's True Name) consistent with E.D. Mich. LR 5.3;

3. Directing the parties to treat Plaintiff's identity and highly sensitive medical information as confidential for purposes of this litigation, subject to any further protective order the Court deems appropriate; and

4. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Carla D. Aikens*
Carla D. Aikens (P69530)
Carla D. Aikens, P.L.C.
615 Griswold St., Suite 709
Detroit, MI 48226
Phone: (844) 835-2993
carla@aikenslawfirm.com
*Attorney for Plaintiff Jane Doe*