UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF MICHIGAN et al.,<br><br>Defendants. | Case No. 26-10161<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM [2]**

Plaintiff, a student at the University of Michigan, was disciplined for providing an "assertedly 'fake' telehealth medical note" to obtain an accommodation for her coursework. (ECF No. 1.) The University treated this as academic dishonesty, resulting in Plaintiff's suspension for the Winter 2026 semester and the inclusion of a disciplinary notation on her transcript. (*Id.*) Plaintiff maintains that the note is genuine and filed this lawsuit against numerous University of Michigan officials and Academic Affairs employees alleging due process violations. (*Id.*)

At the same time, Plaintiff filed a motion to proceed under the "Jane Doe" pseudonym. (ECF No. 2.) According to Plaintiff, "[t]his case challenges discipline imposed by a public university that is based on, and would necessarily litigate, Plaintiff's private medical information and education records." (ECF No. 2, PageID.13.) Moreover, continues Plaintiff, "[p]ublic disclosure of [her] identity would cause concrete and irreparable harm, including stigma associated with an 'academic

dishonesty' finding and enduring damage to Plaintiff's educational and professional prospects due to disclosure of protected health information, including her pending graduate and professional school applications." (*Id.*) But cases raising "stigma-plus" due process claims, like this one, involve the disclosure of sensitive or stigmatizing information. Plaintiffs' discomfort with that fact is not sufficient to permit her to proceed anonymously, even absent any opposition from the defense.

Thus, for the reasons that follow, the motion to proceed under pseudonym and for limited sealing of plaintiff's identity is DENIED.

**I.**

"Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). Generally, "a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (emphasis in original) (citing Fed. R. Civ. P. 10(a)). But the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 15-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)). To determine whether a party's privacy interests outweigh the presumption of openness, the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the

> law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). "The burden rests with Plaintiff to establish that it is appropriate to permit [her] to proceed under a pseudonym." *Doe v. Dep't of Homeland Sec.*, No. 19-288, 2019 WL 5622537, at *1 (W.D. Mich. Aug. 12, 2019).

Plaintiff fails to carry that burden here.

**A.**

The Court starts with the first *Porter* factor.

By suing the governing body and employees of a public university, Plaintiff's complaint can be construed as challenging governmental activity. And while she sues some individual defendants in both their official and individual capacities—i.e., as private citizens—this does not negate her challenge to governmental activity. *See Plaintiff v. Wayne State Univ.*, No. 20-11718, 2021 WL 243155, at *5 (E.D. Mich. Jan. 29, 2021) (noting that a plaintiff's complaint against a public university includes claims against "several private individuals in their individual capacities" but concluding that "other courts with this District have declined to rule against a plaintiff for this distinction") (citation omitted). This Court follows that lead: Plaintiff sues the University of Michigan, a public university, and a few of its employees. (ECF No. 1.) She thus challenges governmental activity. So the first *Porter* factor weighs in her favor.

**B.**

The second *Porter* factor requires the Court to analyze whether this case will expose information "of the utmost intimacy." *See Porter*, 370 F.3d at 560 (citation omitted).

Plaintiff simply asserts, in conclusory fashion, that "the case necessarily involves information of the utmost intimacy, including Plaintiff's private medical circumstances, treatment, and documentation, as well as education records protected by law and custom." (ECF No. 2, PageID.14.) But not all medical or educational information is "of the utmost intimacy." Plaintiff does not provide any authority to support that insomnia and a finding of academic dishonesty are of the utmost intimacy. In fact, there is substantial case law to support that they are not. *See Doe v. Bowling Green State Univ.*, No. 22-140, 2022 WL 4599247, at *15 (N.D. Ohio Sept. 30, 2022) (explaining that most "college students challenging disciplinary procedures are required to proceed in their own name") (collecting cases); *Doe v. The Univ. of Akron*, No. 15-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) (reasoning that "plaintiff's interest in maintaining the privacy of her medical information and alleged disabilities" can be remedied by a protective order, not a pseudonym, and finding that "none of the medical conditions identified by plaintiff in her complaint—ADHD, anxiety, depression" involve matters of the 'utmost intimacy'") (citation omitted) (collecting cases); *see also Doe v. Univ. of Detroit Mercy Sch. of Dentistry*, No. 24-11106, 2025 U.S. Dist. LEXIS 21668, at *9 (E.D. Mich. Feb. 6., 2025) ("The underlying misconduct at issue here details Plaintiff sending risqué and controversial text

messages and website links, asking students on dates, being labeled a 'stalker,' seeking treatment and experiencing side effects from his ADHD medication, and being dismissed from the University as a result. While these are personal and serious matters to Plaintiff, they are insufficient to reach the high burden of the 'utmost intimacy' that outweighs the public's interest in open judicial proceedings.").

Nor is it obvious that Plaintiff's case will, as she suggests, "necessarily litigate, Plaintiff's private medical information." (ECF No. 2, PageID.13.) The heart of this case is whether Plaintiff submitted a forged medical accommodation letter—not whether Plaintiff does or does not have legitimate medical needs. (ECF No. 7, PageID.57 (Defendants' answer acknowledging that Plaintiff had an appointment with a telehealth provider, but asserting that the provider denied providing her an accommodation letter).)

Similarly, Plaintiff's argument that an "academic dishonesty finding" threatens her professional future (ECF No. 2, PageID.15) is not a legally cognizable consideration under *Porter*. *See Doe*, 2016 WL 4520512, at *4 (collecting cases where courts denied requests by plaintiffs faced with academic dishonesty allegations who claim "damage to [their] reputation" and concerns about "career opportunities").

In sum, the Court finds that Plaintiff fails to establish that requiring her to proceed under her real name would result in her revealing matters "of the utmost intimacy." *Porter*, 370 F.3d at 560 (citation omitted). So this factor weighs against Plaintiff.

**C.**

Turning to the third and fourth *Porter* factors, Plaintiff, a college student, acknowledges that she "does not seek to conceal an intention to engage in illegal conduct," that "this case does not present a risk of criminal prosecution," and that she "is not a child." (ECF No. 2, PageID.14.)

Thus, an overall evaluation of the *Porter* factors weighs against anonymity.

This conclusion is not altered by Plaintiff's contention that Defendants will not be prejudiced if the Court allowed her to proceed under a pseudonym. (*Id.* at PageID.15.) "[T]hat consideration alone is insufficient to outweigh compliance with the civil rules of procedure and preference for open judicial proceedings." *Doe*, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) (citing *G.E.G. v. Shinseki*, No. 10-1124, 2012 WL 381589, at *2 n.1 (W.D. Mich. Feb. 6, 2012)).

**II.**

The Court appreciates Plaintiff's situation. But many federal court plaintiffs, especially those asserting stigma-plus due process claims, must face disclosure of sensitive or personal information that they would likely prefer to keep private. Plaintiff fails to carry her burden to show that her case is otherwise exceptional. *See Porter*, 370 F.3d at 560; Fed. R. Civ. P. 10(a). Thus, her motion to proceed under a pseudonym (ECF No. 2) is DENIED.

Plaintiff is directed to file an amended complaint, with her name included, by August 25, 2026.

IT IS SO ORDERED.

Dated: August 18, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE