**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE,

PLAINTIFF,

v.

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; ROSARIO CEBALLO, in her official capacity as Dean of the College of Literature, Science, and the Arts; SEAN EDGERTON, in his official and individual capacities; JEANNE BAYERS, in her official and individual capacities; CHRISTINE O'NEIL, in her official and individual capacities,

DEFENDANTS.

Case No. 2:26-cv-10161-LJM-DRG

Hon. Laurie J. Michelson

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM AND LIMITED REQUEST TO MAINTAIN PSEUDONYMOUS CAPTION PENDING DECISION**

Plaintiff Jane Doe moves under E.D. Mich. LR 7.1(h)(2)(A) and (C) for reconsideration of the Court's August 18, 2026 Order Denying Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 15). Because the Order directed Plaintiff to file an amended complaint bearing her legal name by August 25, 2026, Plaintiff asks the Court to hold only that public-identification directive in abeyance and maintain the existing pseudonymous caption until this motion is decided. This is not a request

for additional time to amend the substance of the pleading; it is a request to preserve the status quo while the Court decides whether public identification should occur at all.

Plaintiff sought concurrence in the relief requested in this motion on August 26, 2026. Defendants denied concurrence. Defendants did not oppose the original motion, and the University already knows Plaintiff's identity.

The accompanying brief identifies outcome-determinative mistakes based on the record and law that existed before the Order. First, the Order states categorically that the threatened professional consequences are not a cognizable consideration under *Porter*. But *Porter* gives a nonexclusive list, and later Sixth Circuit authority treats a plaintiff's showing of specific disclosure-related harm as part of the governing balance. Second, the Order treats Plaintiff's medical information as collateral to a dispute about an allegedly forged medical accommodation letter. Yet the authorship, issuance, transmission, and verification of provider-generated medical documentation are the disputed facts; indeed, before ruling, the Court directed the parties to arrange an immediate deposition of the provider.

Plaintiff also submits a declaration identifying the information and harm with the specificity the Court found absent. The declaration explains that Plaintiff sought care for anxiety, depression, and insomnia; that treatment and prescribed medication are implicated by the disputed documentation; and that the Order itself has caused a

post-decision increase in the anxiety and sleep disruption generated by the prospect of attaching her legal name to those matters. Doe Decl. ¶¶ 3–9. The post-Order worsening could not have existed before the ruling and is presented under Local Rule 7.1(h)(2)(C).

Plaintiff does not seek a sealed case, anonymous discovery, or concealment from the Court or Defendants. She proposes to keep the pleadings, briefing, evidence, and rulings public while redacting only her legal name and direct identifiers. If the Court is not prepared to grant that relief for the entire case, Plaintiff asks for the narrower alternative of pseudonymity through discovery and dispositive motions, subject to reconsideration before trial, plus document-specific protection under E.D. Mich. LR 5.3 for clinical records and direct identifiers.

Plaintiff respectfully requests that the Court:

1. reconsider ECF No. 15 and permit Plaintiff to proceed publicly as "Jane Doe," while disclosing her legal identity to the Court and Defendants;
2. maintain a public docket and allow redaction only of Plaintiff's legal name and direct identifying information;
3. require any request to seal medical or mental-health records to comply, document by document, with E.D. Mich. LR 5.3;
4. alternatively, permit pseudonymity through discovery and dispositive motions and revisit the issue before trial; and

5. hold in abeyance the portion of ECF No. 15 directing Plaintiff to file an amended complaint bearing her legal name, and maintain the existing pseudonymous caption, until this motion is decided.

Dated: August 25, 2026

Respectfully submitted,

CARLA D. AIKENS, P.L.C.

*/s/ Connor B. Gallagher*
Connor B. Gallagher (P82104)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE,

PLAINTIFF,

v.

THE REGENTS OF THE UNIVERSITY OF MICHIGAN; ROSARIO CEBALLO, in her official capacity as Dean of the College of Literature, Science, and the Arts; SEAN EDGERTON, in his official and individual capacities; JEANNE BAYERS, in her official and individual capacities; CHRISTINE O'NEIL, in her official and individual capacities,

DEFENDANTS.

Case No. 2:26-cv-10161-LJM-DRG

Hon. Laurie J. Michelson

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM AND LIMITED REQUEST TO MAINTAIN PSEUDONYMOUS CAPTION PENDING DECISION**

## STATEMENT OF ISSUES PRESENTED

1. Whether reconsideration is warranted under E.D. Mich. LR 7.1(h)(2)(A) because the Order treated the *Porter* considerations as exhaustive and characterized specific disclosure-related psychological and professional harm as categorically irrelevant, although Sixth Circuit authority directs courts to balance all circumstances bearing on whether privacy substantially outweighs openness.

2. Whether reconsideration is warranted because the record contradicts the premise that Plaintiff's medical information is collateral: the alleged misconduct is the submission of provider-generated medical documentation, and the Court directed an immediate deposition of the provider before deciding pseudonymity.

3. Whether the post-Order increase in Plaintiff's anxiety and sleep disruption is a new fact warranting a different result under E.D. Mich. LR 7.1(h)(2)(C), where Defendants know her identity and the public can access every merits filing with only her name and direct identifiers redacted.

4. Whether the Court should preserve the status quo by holding the public-identification directive in abeyance until it decides this timely motion, because disclosure would irreversibly defeat the protection under

consideration and would cause no prejudice to Defendants, who already know Plaintiff's identity.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Rules:

E.D. Mich. LR 5.3

E.D. Mich. LR 7.1(h)(2)(A), (C)

Fed. R. Civ. P. 10(a)

Cases:

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005)

*Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020)

*Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345 (E.D. Mich. July 17, 2018)

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)

*Koe v. University Hospitals Health System, Inc.*, No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024)

*Landis v. North American Co.*, 299 U.S. 248 (1936)

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

# I. INTRODUCTION

This motion does not ask the Court to revisit her motion merely because Plaintiff disagrees with the result. The Order correctly recognized that Plaintiff challenges governmental activity. ECF No. 15, PageID.95. It nevertheless denied pseudonymity because it viewed the case as disclosing only insomnia and an academic-dishonesty finding, treated the medical evidence as collateral to whether a letter was forged, and declared the professional consequences legally irrelevant. *Id.*, PageID.96–98. That framing misses what the parties must actually litigate. The accused dishonesty is the alleged creation or submission of a provider-generated medical note. Resolving that charge requires evidence concerning the telehealth encounter, the provider's role and communications, the note's origin and transmission, and the University's verification efforts. The Court's May 4, 2026 case-management entry – directing the parties to schedule an immediate deposition of Dr. Gerard Myers before the pseudonym hearing – confirms that this medical evidence is central, not incidental.

The Sixth Circuit's later, pre-Order decision in *Koe* also supplies the proper frame. Mental-health subject matter does not automatically permit pseudonymity; *Carson* and *Koe* foreclose that categorical argument. But *Koe* did not make disclosure-related harm irrelevant. It denied relief because the plaintiff identified neither the intimate information nor a specific harm that disclosure would cause.

2024 WL 1048184, at *3. Here, the record and accompanying declaration identify both, and Plaintiff proposes a remedy that leaves the merits fully public.

## II. PROCEDURAL POSTURE AND CONCURRENCE

Plaintiff filed this action to challenge discipline imposed by a public university after the University concluded that she submitted an assertedly "fake" telehealth medical note for an academic accommodation. ECF No. 1, PageID.2, 4–6. The discipline included a Winter 2026 suspension and a dishonesty notation on her transcript. *Id.* Plaintiff maintains that the documentation was authentic and asserts due process and name-clearing claims. *Id.*, PageID.5–10.

The original pseudonym motion explained that the case would necessarily litigate private medical information and education records, and that public identification would link Plaintiff's name to that information, an academic-dishonesty finding, and lasting educational and professional harm. ECF No. 2, PageID.13–15. Defendants did not oppose that motion. ECF No. 15, PageID.94. On May 4, 2026, after a scheduling conference, the Court directed the parties to exchange initial disclosures and arrange an immediate deposition of Dr. Gerard Myers, after which the Court would schedule the pseudonym hearing. May 4, 2026 Minute Entry.

The Court denied the motion on August 18, 2026 and directed an amended complaint bearing Plaintiff's legal name by August 25, 2026. ECF No. 15,

PageID.98. Plaintiff sought concurrence in this motion on August 26, 2026; Defendants denied concurrence. This motion is timely because it was filed within fourteen days after entry of the Order. E.D. Mich. LR 7.1(h)(2).

## III. LEGAL STANDARD

Local Rule 7.1(h)(2) governs reconsideration of non-final orders. Such motions are disfavored and must be filed within fourteen days. Relevant here, the Court may grant reconsideration if "the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision," or if "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(A), (C).

A district court has inherent authority to control the disposition of matters on its docket with economy of time and effort for the court, counsel, and litigants. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Plaintiff invokes that authority only to ask the Court to hold its public-identification directive in abeyance while it decides the timely reconsideration motion.

Rule 10(a) ordinarily requires the complaint to name the parties, but a court may permit a pseudonym where the plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The considerations include whether the plaintiff challenges

governmental activity, whether litigation compels disclosure of matters of the utmost intimacy, whether the plaintiff must disclose an intent to violate the law, and whether the plaintiff is a child. *Id.* The word "including" is of import, as the list is not exhaustive. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636–37 (6th Cir. 2005), also directs courts to consider whether anonymity would leave a defendant with insufficient information to present its case. And *Koe* describes the ultimate inquiry as a balance of privacy against openness, including whether the movant identifies a specific disclosure-related harm. 2024 WL 1048184, at *2–3.

Pseudonymity and sealing are related but distinct. A pseudonym can conceal a direct identifier while leaving allegations, evidence, advocacy, and judicial reasoning open to public inspection. Any request to seal a particular filing remains subject to the document-by-document showing required by *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–06 (6th Cir. 2016), and E.D. Mich. LR 5.3.

## IV. ARGUMENT

### A. The Order Treated Relevant, Specific Harm As Categorically Outside The *Porter* Balance.

The Order stated that the threat to Plaintiff's professional future "is not a legally cognizable consideration under *Porter*." ECF No. 15, PageID.97. Reputational embarrassment or generalized concern about career opportunities

cannot, standing alone, overcome Rule 10(a). Plaintiff does not contend otherwise. The mistake is the categorical exclusion of disclosure-related harm from the balance.

*Porter* introduces its four considerations with "including," 370 F.3d at 560, and *Citizens* recognizes an additional prejudice inquiry, 123 F. App'x at 636–37. Most importantly, *Koe* explains why comparable plaintiffs lost: one plaintiff had not specified the intimate information that would be exposed, and neither had shown exceptional circumstances or a specific harm from disclosure. 2024 WL 1048184, at *3 (discussing *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020)). That analysis makes specific harm relevant; it does not confine the court to four boxes or make all educational and professional consequences invisible.

Plaintiff now identifies the precise disclosure and injury. Her legal name would be permanently connected in ordinary name searches not only with university discipline, but with anxiety, depression, insomnia, medical treatment, prescribed medication, a provider encounter, and an accusation that the resulting documentation was "fake." Doe Decl. ¶¶ 3–10. She intends to apply to competitive dental or other graduate programs, where an abbreviated caption or search result can present the accusation without the evidence or outcome. *Id.* ¶¶ 10–11. Those professional consequences provide context. The specific present injury is that the disclosure

prospect created by the Order has already increased the anxiety and sleep disruption for which Plaintiff sought care. *Id.* ¶¶ 7–9.

This is not a request for a rule that all mental-health litigants receive pseudonyms. *Carson* and *Koe* reject such a rule, and *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3–4 (N.D. Ohio Feb. 3, 2016), likewise found generalized privacy and career concerns inadequate. Rather, Plaintiff offers what those cases found absent: identified information, a defined causal link between naming and injury, and a narrowly tailored means of preserving public access.

**B. The Record Contradicts the Premise That Medical Evidence Is Collateral.**

The Order reasoned that the "heart" of the case is whether Plaintiff submitted a forged accommodation letter, "not whether Plaintiff does or does not have legitimate medical needs." ECF No. 15, PageID.97. That is a true description of the ultimate dispute, but it does not support the next step: that private medical evidence need not be litigated. The nature of the alleged forgery makes the medical evidence central.

The parties dispute whether a telehealth provider generated or transmitted medical documentation and what the provider later told the University. ECF No. 1, PageID.4–6; ECF No. 7, PageID.57. Testing that accusation requires evidence about the appointment, the symptoms presented, treatment or medication discussed, the

provider's identity and authority, the creation and transmission of the note, later provider communications, and the University's verification process. The May 4 Minute Entry removes any doubt: the Court required the parties to arrange the immediate deposition of Dr. Gerard Myers before it would hear the pseudonym motion. The provider evidence was part of the record and litigation plan before the Order.

That feature distinguishes the cited disciplinary cases. *Doe v. Bowling Green State University*, No. 3:22-cv-140, 2022 WL 4599247, at *14–15 (N.D. Ohio Sept. 30, 2022), concerned a student's generalized claim that a hazing-disciplinary case would reveal "sensitive and controversial" information; it did not identify medical evidence as the alleged instrument of misconduct. *Doe v. University of Detroit Mercy School of Dentistry*, No. 24-11106, slip op. at 2–3, 7–9 (E.D. Mich. Feb. 6, 2025), involved risqué messages, dating requests, alleged stalking, and dismissal; the plaintiff's ADHD treatment and medication side effects were collateral to that conduct. Here, by contrast, the disputed medical documentation is the conduct the University labeled dishonest.

A protective order governing discovery can protect the contents of particular medical records, but it cannot prevent the public caption from permanently linking Plaintiff's legal name to the accusation and to the mental-health allegations already pleaded while the pseudonym motion was pending. Nor does a pseudonym require

sealing the provider evidence. Public versions may identify the provider, describe the authentication dispute, and disclose all non-identifying facts needed to evaluate the merits.

### C. The Post-Order Worsening of Plaintiff's Symptoms Is A New Fact Under Local Rule 7.1(H)(2)(C).

Plaintiff's preexisting conditions and the contents of the pleadings are not offered as new facts. The qualifying new fact is the effect of the Order itself. Before August 18th, public identification was a possibility; after the Order, it became a directive with a one-week deadline. Plaintiff declares that this change increased her anxiety and sleep disruption and intensified the very conditions that prompted her to seek medical care. Doe Decl. ¶¶ 7–9. That post-decision development could not have been discovered with reasonable diligence before the decision. It also supplies the specificity that *Koe* found missing.

Plaintiff's declaration is based on her personal observation of her own symptoms and the effect of the ruling. The Court can also adopt a staged remedy and revisit pseudonymity if the anticipated medical proof does not materialize, avoiding any need to resolve the issue on speculation today.

### D. The Totality Favors Narrow Pseudonymity Without Sealing the Merits.

The first *Porter* consideration favors Plaintiff because she challenges discipline by a public university. ECF No. 15, PageID.95. The second favors

Plaintiff when the information and litigation are described at the required level of specificity: mental-health symptoms and treatment are tied directly to the medical document whose origin the parties must litigate, and the Order has already worsened those symptoms. *Koe* recognizes mental illness as a category that may support pseudonymity while requiring case-specific proof. 2024 WL 1048184, at *2–3.

The third and fourth considerations are inapplicable: Plaintiff is not asserting an intent to violate the law and is not a child. Those facts do not create an affirmative public-access interest unique to this case. Reading them as automatic losses would require every adult, law-abiding plaintiff to begin the balance two factors behind, even though *Porter* asks whether the relevant considerations, taken together, justify an exception. Courts applying *Porter* have instead treated identity disclosure to defense counsel as sufficient to eliminate prejudice when other considerations favor anonymity. See *Doe v. Mitchell*, No. 2:20-cv-459, 2020 WL 6882601, at *6–7 (S.D. Ohio Nov. 24, 2020), report and recommendation adopted, 2021 WL 2313436 (S.D. Ohio June 7, 2021); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2–3 (E.D. Mich. July 17, 2018). Those cases involved different intimate facts, but their prejudice analysis applies here.

Defendants know Plaintiff's identity and can use it in discovery, depositions, and at any hearing where disclosure is necessary. Doe Decl. ¶¶ 2, 12. Defendants did not oppose the original motion, and pseudonymity will not withhold evidence or

limit a defense. The public, meanwhile, can see the complete allegations, the medical-note authenticity dispute, the parties' proof, and the Court's reasoning. The only information withheld by default would be Plaintiff's name and direct identifiers.

That arrangement respects the public's legitimate interest in evaluating the conduct of a governmental university. The identity of the student seeking review contributes little to that oversight; the decision-making record and judicial analysis contribute nearly everything. And unlike blanket sealing, pseudonymity does not hide the evidence on which the Court acts. Any genuinely sensitive clinical record would still require a separate, narrowly tailored motion under Local Rule 5.3 and *Shane Group*.

### D. At Minimum, The Court Should Adopt Staged Relief And Protect Specific Medical Material.

If the Court is not persuaded to authorize pseudonymity through trial, it can preserve Plaintiff's identity through discovery and dispositive motions and revisit the issue at the final pretrial stage. That course permits the Court to evaluate an actual evidentiary record, including the extent to which provider testimony and clinical information enter the merits. It also avoids an irreversible disclosure now; once Plaintiff's legal name is indexed with the allegations, later protection cannot restore anonymity.

If the Court adheres to its denial, Plaintiff alternatively asks leave to seek document-specific protection for clinical records, prescribed-medication information, provider communications, and direct identifiers under E.D. Mich. LR 5.3. That relief does not solve the caption problem, but it limits unnecessary dissemination.

### E. The Court Should Maintain the Pseudonymous Caption Until It Decides This Motion.

Compliance with the naming directive would not merely advance the case; it would irreversibly cause the disclosure that this motion asks the Court to reconsider. Once Plaintiff's legal name appears in a public amended complaint and is indexed with the existing allegations, a later grant of reconsideration cannot restore anonymity. Holding that discrete directive in abeyance preserves the question for decision.

Plaintiff does not seek additional time to investigate, brief the merits, or amend any allegation. The only act Plaintiff asks the Court to defer is public identification, and whether she must take that act is the precise subject of this timely motion. Defendants know Plaintiff's identity, did not oppose the original pseudonym motion, and will suffer no litigation prejudice from the short pause.

In *Doe v. Regents of the University of Michigan*, No. 2:26-cv-10451-LJM-DRG, the Court permitted the pseudonymous caption to remain while it obtained a

response to a reconsideration motion. ECF Nos. 34, 37. Plaintiff cites that procedural handling only, not the facts or clinical record there. The same brief pause here avoids irreversible disclosure without prejudicing Defendants.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests reconsideration of ECF No. 15 and permission to proceed publicly as Jane Doe while disclosing her identity to the Court and Defendants. Alternatively, Plaintiff requests staged pseudonymity and the right to seek document-specific protection under E.D. Mich. LR 5.3. While this motion is pending, Plaintiff asks the Court to hold in abeyance only the portion of ECF No. 15 requiring a complaint bearing her legal name and to maintain the existing pseudonymous caption until the Court decides whether public identification should occur.

Dated: August 25, 2026

Respectfully submitted,

CARLA D. AIKENS, P.L.C.

*/s/ Connor B. Gallagher*
Connor B. Gallagher (P82104)
615 Griswold Street, Suite 709
Detroit, MI 48226
(844) 835-2993
connor@aikenslawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I served the foregoing through the Court's electronic filing system on all counsel of record.

*/s/ Katarzyna Nowicki*