**DECLARATION OF JANE DOE**

I, Jane Doe, declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this case. I have personal knowledge of the facts stated in this declaration.

2. The University of Michigan, the individual Defendants, and defense counsel know my legal identity. I am not asking to conceal my identity from them or to limit their ability to conduct discovery or defend this case. I am willing to provide my identity to the Court through whatever nonpublic procedure it directs.

3. Before the events at issue in this lawsuit, I experienced anxiety, depression, and insomnia. I sought medical care in connection with those conditions.

4. My care has included discussion of my symptoms, treatment, and prescribed medication. I consider that information private and would not otherwise place it in a public record connected to my legal name.

5. This case concerns documentation associated with a telehealth medical encounter and the University's accusation that the documentation was not genuine. As a result, I understand that the litigation may require testimony or records about the encounter, the provider, my symptoms and treatment,

the creation and transmission of the documentation, and later verification communications.

6. I filed the complaint and the earlier motion under the Jane Doe pseudonym. Some personal information was described in those filings while my request for pseudonymity was pending. Had I known that my legal name would later be attached to those disclosures, I would have asked my counsel to consider different wording, additional redactions, or document-specific sealing before the information entered the public record.

7. Since the Court entered its August 18, 2026 Order directing me to amend the complaint under my legal name, I have experienced increased anxiety about permanent online identification with my mental-health and medical information, the accusation that I submitted a "fake" medical note, and the University's dishonesty finding.

8. The one-week deadline in the Order made public identification feel immediate rather than hypothetical. That change has increased my stress and has made it more difficult for me to sleep.

9. The increased anxiety and sleep difficulty described above arose after the Court issued its Order and therefore could not have been described before that ruling.

10. I plan to apply to highly competitive dental schools and may apply to other graduate programs. I am concerned that admissions committees, employers, internship or research programs, professional organizations, or future patients could find the case by searching my legal name.

11. A case caption or search result can connect my name with a university disciplinary matter or an alleged fake medical note without explaining the full facts, the evidence, or the outcome. I am concerned that a reader could draw a negative conclusion without learning that I dispute the accusation and brought this case to obtain due process and a name-clearing remedy.

12. I am willing to provide my legal identity to the Court and Defendants, to use it in nonpublic discovery where necessary, and to comply with any protective order. I am asking only that the public caption and public filings use Jane Doe and omit my direct identifying information unless the Court finds disclosure necessary.

13. I do not seek to seal the substance of this lawsuit. I understand that the allegations, legal arguments, non-identifying evidence, and the Court's rulings would remain publicly available if I am allowed to proceed as Jane Doe.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 25, 2026

[redacted]______________

Jane Doe