UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN et al.,

Defendants.

Case No. 26-10161
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [15]**

Plaintiff Jane Doe, a student at the University of Michigan, says that she submitted a legitimate doctor's note to a professor to obtain coursework accommodation. The University believed that letter was fake and disciplined Doe for academic dishonesty. Doe then initiated this lawsuit against the University to challenge its investigation and disciplinary decision. (*See generally* ECF No. 1.) She wishes to proceed anonymously because this case involves, tangentially, questions regarding her medical needs, and because the "stigma associated with an 'academic dishonesty' finding" could damage her career prospects. (ECF No. 2, PageID.13.)

That may be true. But the Court considered and balanced those concerns under this Circuit's *Porter* analysis and found that Doe's case was not one involving information of the "utmost intimacy" and thus did not merit the exceptional remedy of proceeding pseudonymously. (*See* ECF No. 15.)

Doe now seeks reconsideration of that decision. But she offers neither new facts nor new law. Thus, the request is DENIED.

**I.**

"Motions for reconsideration of non-final orders are disfavored," and may only be brought upon certain enumerated grounds: (A) mistake that would change the outcome, (B) an intervening change in law, or (C) new facts. E.D. Mich. LR 7.1(h)(2)(A)–(C). Doe styles her motion under sections (A) and (C), claiming first that the Court made a mistake when it found Doe's reputational concerns not cognizable under *Porter*; and second, that her "anxiety and sleep" have worsened since the ruling, which constitute "new facts." Neither persuades.

**A.**

Start with Doe's claim that the Court misapplied the law. In its ruling, the Court explained that "[Doe's] argument that an 'academic dishonesty finding' threatens her professional future . . . is not a legally cognizable consideration under *Porter*." (ECF No. 15, PageID.97 (citing *Doe v. Univ. of Detroit Mercy Sch. of Dentistry*, No. 24-11106, 2025 U.S. Dist. LEXIS 21668, at *9 (E.D. Mich. Feb. 6, 2025).) Doe says the Court's "categorical exclusion of disclosure-related harm" from the *Porter* balance constituted an error of law, because reputational harm, coupled with a "specific, present injury" may be sufficient to merit pseudonymity, regardless of whether a plaintiff's claim fits neatly into the "four boxes" of *Porter*. (ECF No. 16, PageID.112.) In support, she argues, for the first time, that she "plan[s] to apply to highly competitive dental schools" or other graduate programs, and is "concerned that

admissions committees, employers, internship or research programs, professional organizations, or future patients could find the case by searching my legal name." (ECF No. 16-1, PageID.123.) This, she says, is the kind of "specific harm arising from disclosure of her identity" that was lacking in *Koe v. Univ. Hosp. Health Sys.*, No. 22-3952, 2024 U.S. App. LEXIS 5695, at *7 (6th Cir. Mar. 8, 2024) and *Doe v. Carson,* Nos. 19-1566/19-1714, 2020 U.S. App. LEXIS 14520, at *7–8 (6th Cir. May 6, 2020).

As a threshold matter, this issue is one Doe could have raised in her initial motion and thus is not a proper basis for reconsideration. *Bray v. Dog Star Ranch, Inc.*, No. 08-1005, 2010 U.S. Dist. LEXIS 34127, at *3 (W. D. Mich. Apr. 7, 2010) ("A motion for reconsideration is not an opportunity to present new arguments that could have been presented before the court issued its ruling, but an opportunity for the court to reconsider those arguments already presented.").

Additionally, as Doe concedes, both *Koe* and *Carson* involved a plaintiff claiming stigma arising from public disclosure of her mental health status—not public disclosure of information that could harm her chances of getting into certain graduate schools or affect her potential employment years down the road. (ECF No. 16, PageID.116 ("*Koe* recognizes *mental illness* as a category that may support pseudonymity while requiring case-specific proof") (emphasis added).). And one's sensitive medical diagnoses are more sensitive than one's academic disciplinary history. *See, e.g.*, *Koe*, 2024 U.S. App. LEXIS 5696, at *5 ("[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control,

transexuality[sic], mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'") (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)).)

Nevertheless, even applying the logic of *Koe* and *Carson,* Doe's claims do not, as she contends, present the kind of "specific harm" those cases found lacking. She has not pointed to a particular school or program she has applied to, nor identified any policy that would preclude her from admission. She only describes her fear that, if and when she does apply for graduate programs, the stigma of the discipline *may* hurt her. That is much closer to the kind of "unsubstantiated fear[] of speculative harm" that courts have found insufficient to merit pseudonymity, than it is to the kind of "specific injury" that *Koe* and *Carson* contemplated. *See, e.g.*, *Plaintiff v. Wayne State Univ.*, No. 20-11718, 2021 U.S. Dist. LEXIS 12675, at *15 (E.D. Mich. Jan. 25, 2021) (denying pseudonymity where plaintiff, who was expelled from medical school for sexual assault, had "concerns for future employment" and that his "reputation and future" as a "young professional" would be harmed by public disclosure of his identity to other medical schools); *see also Doe v. Lee*, No. 22-00338, 2022 U.S. Dist. LEXIS 240491, at *11 (M.D. Tenn. June 23, 2022) (denying pseudonymity where plaintiff, a registered sex offender, raised concern that his status would "make it harder . . . to obtain or maintain employment and housing in the future" but his declaration offered "no evidence or even argument that he suffered actual harm").) Perhaps even more fundamental, Doe's concerns about her future graduate school and professional prospects emanate from the disciplinary decision she is challenging in this lawsuit—not this litigation *itself*.

Thus, while the Court is sympathetic to her concerns, Doe's "specific injury" argument does not warrant her proceeding under a pseudonym.

**B.**

The same is true for the "new facts" Doe presents—that her mental health has worsened since the Court's ruling, because the notion of her name soon becoming public has led to increasing anxiety. (*See* ECF No. 16-1, PageID.115, 122.) That is not the test for proceeding pseudonymously. The purpose of the *Porter* analysis is to balance "the party's interest in privacy" against "the presumption in favor of open judicial proceedings." *See Koe*, 2024 U.S. App. LEXIS 5695, at *6 (citing *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016)). This balance does not favor Doe where the ruling that supposedly caused her anxiety did not compel disclosure of "information of the utmost intimacy."

The Court will, of course, entertain requests to seal or redact any medical records or evidence that might reveal sensitive information regarding Doe's health. But shielding the Doe's very identity from disclosure is not warranted on the facts of this case.

**II.**

As mentioned, the Court understands the difficulties inherent in bringing federal litigation that requires disclosure of information the plaintiff would rather keep private, especially when that plaintiff is a college student. But protective orders can be put in place to try to minimize those difficulties. On this record, including

arguments presented in Doe's motion for reconsideration, she has not established an adequate basis for proceeding pseudonymously.

For the reasons provided, Doe's motion for reconsideration (ECF No. 16) is DENIED. She shall file an amended complaint by October 19, 2026, or the case will be dismissed.

Dated: October 9, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE